WILLIAM SATCHELL V. STATE.

No. 24539. December 14, 1949.

*W. J. Durham,* Dallas, for appellant.

*Will R. Wilson, Jr.*, Criminal District Attorney, and *Joseph W. Geary. Jr.*, Assistant District Attorney, both of Dallas, and *George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for practicing medicine without a license, which carries a penalty of $300.00 fine and 90 days in jail.

The appellant was a Negro who lived in the 2200 block of North Pearl Street in the city of Dallas, Dallas County, according to the testimony of his next-door neighbor, Edith Collins. She said that he had lived in this block for two or three years; that he bought a residence and had, in connection with it, a business on which was a sign "Beer, Barbecue and Hot Dogs."

Secundina Sanchez, a girl about twenty years of age, lived with her parents at 2720 North Carolina Street, Dallas. On the 12th of August, 1948, she was ill. Her father testified that he went to the home of appellant, who "* * * lived on Pearl Street." He asked appellant to call to see his daughter, and he did so at three o'clock in the afternoon. They agreed on $35.00 as the price of the treatment and the father paid $17.50 of the price. The appellant told him, "Come at sundown and get that medicine." The father did so and got a bottle of liquid that looked like grease or liniment. Appellant told the father to rub it on her. He told the father that it was medicine and gave instructions fully about its use. He also gave instructions about her diet. At the solicitation of the father, appellant called again on the 16th of August to see the girl. At this time he gave the same "medicine" as he had given before and touched and rubbed her body to some extent not fully described. He recommended that a plaster be put on her stomach "* * * with salt water." The father went to the house of appellant again on August 20th and told him that his daughter was very sick and asked him to come over. He made this call at one o'clock. At that time he put a can in the fire and gave them something to smell that looked like a piece of rubber, but smelled like incense. He told the father to take the little piece of rubber and put a match to it and let the girl inhale it. He called for appellant at later times but was unable to find him after that date. The girl died on August 29th.

This testimony is corroborated by the mother and by a sister of the girl and constitutes the state's case. The appellant

did not testify and offered no evidence in rebuttal of that produced by the state.

A motion for new trial was filed and we find in the record five instruments denominated bills of exception. The procedure followed seems to have been that the appellant's attorney filed motions for instructed verdict and set out as grounds allegations that the state had not proven that the defendant lived in Dallas County, so as to give that court jurisdiction. Some of the bills also contend that the state failed to prove that defendant offered to treat or did treat any human being for a disorder, mental or physical, etc. It is also complained that the state failed to show that he, directly or indirectly, accepted money on either of said dates, or that he treated her for any other compensation. One bill complains of argument of the prosecuting attorney, but it fails to comply with the statutory requirements.

It will not be necessary to discuss these very lengthy bills. As drawn, they attempt to exclude any testimony other than that which is recited in the bills. The court qualified the bills by refusing to certify such statement in each of them. This is sufficient to make invalid the bill. The court, however, sets out contradictory statements which we find quoted from the statement of facts, and further refers to and adopts the statement of facts in substantiation of his qualifications. Such qualifications effectively destroy the force of the bills, if any they had in the first place. The statement of facts contains but twenty pages. Appellant has filed with the court a fifty-five page brief discussing the various questions he attempts to raise. We do not find it necessary to discuss all of the questions treated in this brief because not raised by proper bill of exception and not supported by the facts.

Finding no reversible error, the judgment of the trial court is affirmed.